IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TERRENCE W. McEVILLY,

       Plaintiff,

    v.

FARMERS NEW WOLRD LIFE INSURANCE COMPANY,

       Defendant.

Case No. 6:21-cv-1087-MC

OPINION AND ORDER

MCSHANE, Judge:

    In 2002, Plaintiff Terrence McEvilly purchased a life insurance policy from Defendant Farmers New World Life Insurance Company. At issue is whether the policy allows Defendant to raise Plaintiff's premiums after a twenty–year period has elapsed. Plaintiff argues that a 2007 endorsement to the policy altered the terms of the contract and prevents Defendant from raising the premiums. Defendant argues the policy, even with the endorsement, unambiguously put Plaintiff on notice of the potential for increased premiums. In the alternative, to the extent the amended language is ambiguous, Defendant argues that Plaintiff's interpretation of the policy is

1 – OPINION AND ORDER

unreasonable. Pending before the Court are cross motions for summary judgment. Because the policy clearly and unambiguously allows for increased premiums after 20 years, Defendant's motion for summary judgment, ECF No. 14, is GRANTED.

## STANDARDS

The court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue is "genuine" if a reasonable jury could return a verdict in favor of the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.* The court reviews evidence and draws inferences in the light most favorable to the non-moving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (quoting Fed. R. Civ. P. 56(e)).

## DISCUSSION

This case turns on the interpretation of an insurance policy. Therefore, the Court must ascertain the intention of the parties to the policy. *Hoffman Constr. Co. of Alaska v. Fred S. James & Co. of Oregon*, 313 Or. 464, 469 (1992). Courts first turn to the language of the policy. *Id.* (citing ORS 742.016 (except in cases not relevant here, "every contract of insurance shall be construed according to the terms and conditions of the policy.")). If the terms and conditions of the policy are ambiguous following a plain meaning review, the court considers the terms and conditions in the particular context used and then, if necessary, in the context of the policy as a whole. *Id.* at 470. If any ambiguity remains—meaning if two or more plausible interpretations of

2 – OPINION AND ORDER

the term remain—the court resolves the ambiguity against the drafter and in favor of the insured. *Id.* Courts examine the policy language from the perspective of the ordinary purchaser of insurance. *N. Pac. Ins. Co., v. Am. Mfrs. Mut. Ins. Co.*, 200 Or. App. 473, 478 (2005).

In February 2002, Defendant issued a Nonparticipating Modified Premium Level Term Life Insurance Policy to Plaintiff. Galloway Decl. Ex. 1, 32; ECF No. 16. The "Policy Specifications" noted the policy expires 25 years later, in February 2027. *Id.* As relevant here, the "ANNUAL PREMIUM" for the policy's "25 YEAR LEVEL TERM" "BENEFIT" was $1,816.00. *Id.* The annual premium, however, had an asterisk. *Id.* The asterisk clarified: "THIS PREMIUM IS NOT GUARANTEED AND MAY BE CHANGED BY US ANY TIME AFTER YEAR 20, SUBJECT TO THE GUARANTEED MAXIMUM PREMIUMS. THE PREMIUM WILL INCREASE AFTER YEAR 20. SEE THE APPROPRIATE SCHEDULE OF PREMIUMS."[1] *Id.* The schedule of premiums provided the "GUARANTEED MAXIMUM ANNUAL PREMIUM" for each of the policy's 25 years. *Id.* at 9. For the policy's first 20 years, the maximum annual premium was $1,816.00. *Id.* In year 21, the maximum annual premium increased to $17,946.00. *Id.* The maximum annual premium topped out at $24,702.00 in year 25. *Id.*

Other language in the policy conveyed the parties' intention that the premiums could increase after year 20. For instance, the footer on the first page of the policy provided: "NONPARTICIPATING MODIFIED PREMIUM LEVEL TERM LIFE INSURANCE. PREMIUMS GURANTEED FOR FIRST TWENTY YEARS AFTER ISSUE. PREMIUMS PAYABLE FOR 25 YEARS OR UNTIL PRIOR DEATH. CONVERTIBLE." *Id.* at 1. This footer did not appear throughout the contract. Rather, the footer appeared on the first page and again,

---

[1] As discussed below, there were three asterisks on this page: "PREMIUM PAYMENTS*," "$1,816.00*," AND "TOTAL INITIAL PREMIUM*." *Id.* The above clarification applied to all three asterisks.

3 – OPINION AND ORDER

with a slight addition, on the policy's "Policy Specifications" page. There, the above footer appeared with an addition at the end of the footer: "PREMIUM IS SUBJECT TO CHANGE." *Id.* at 32.

Faced with the above language, the parties agree that the policy clearly and unambiguously provided that the premiums could increase after year 20. Plaintiff, however, argues that a 2007 plan endorsement amended the policy and bars any increase in the annual premium. That endorsement provided: "The plan description shown on the Policy Specifications page under the Benefit section, and Statement of Policy Cost and Benefit Information page under the Descriptive Title of Coverage section is amended as follows: 25 Year Level Term."[2] *Id.* Ex. 3, 2. Plaintiff argues the policy as amended prohibits Defendant from raising the premium, in any year, above $1,816.00. While this interpretation could perhaps be a reasonable interpretation of the amended term in isolation, Plaintiff's argument falls apart when viewed in the context of the specific amended sections or the policy as a whole.

The policy does not define "25 Year Level Term." The Court concludes that without further context, "25 Year Level Term" is ambiguous. In the Court's view, one reasonable interpretation is that, as Plaintiff argues, the premium would stay "level" for 25 years. On the other hand, Defendant's interpretation, that the policy's benefit or principal sum—in this instance, $200,000—would remain "level" if the insured died at any point during the policy's 25 year term, also appears to be a reasonable interpretation. As there are multiple plausible interpretations of the

---

[2] Although it is essentially irrelevant to the Court's resolution of the dispute at issue, it is perhaps worth noting that the 2007 endorsement was unnecessary. The notice accompanying the 2007 endorsement stated a recent review of the policy discovered the two amended sections "incorrectly describe[] the policy as a Level Term to Age 90" despite the fact that "This policy is a 25 Year Level Term." *Id.* at 1. The original policy, however, did not indicate, in any section, that the policy was a "Level Term to Age 90. Instead, both sections correctly identified the policy as a 25 Year Level Term. *Id.* Ex. 1, 32-33.

4 – OPINION AND ORDER

endorsement's plain meaning, Oregon's rules of interpretation require the Court to consider it "in the light of, among other things, the particular context in which that term is used in the policy and the broader context of the policy as a whole." *Hoffman*, 313 Or. at 470. Only then—and only if an ambiguity remains—will the court interpret the term against the drafter. *Id.* In the context of the policy as a whole, and despite Plaintiff's creative arguments, there is no ambiguity.

The 2007 endorsement amended two sections of the policy: "The plan description shown on the Policy Specifications page under the Benefit section, and Statement of Policy Cost and Benefit Information page under the Descriptive Title of Coverage section." Galloway Decl. Ex. 3, 2. Turning first to the "Policy Specifications" page, the relevant section provides:

| BENEFIT | ANNUAL PREMIUM | PREMIUMS PAYABLE UNTIL |
|---|---|---|
| 25 YEAR LEVEL TERM | 1,816.00* | FOR 25 YEARS |

*Id.* Ex. 1, 32.

The Court concludes the "plan description" referenced in the 2007 endorsement refers to the description of the policy's "BENEFIT" as opposed to the "ANNUAL PREMIUM." First, the endorsement itself explicitly notes that "25 Year Level Term" amends the previous "plan description shown . . . <u>under the Benefit section</u>." *Id.* (emphasis added). The endorsement is silent as to any amendment to annual premium payments under the "ANNUAL PREMIUM" section. Second, the original policy included the "25 YEAR LEVEL TERM" language under the benefit section, while additionally providing premium information under the annual premium section.[3] *Id.*

---

[3] A third reason, as discussed below, is that on other pages, the policy identifies the "basic policy" as a "25 Year Level Term" in a section titled "DESCRIPTIVE TITLE OF COVERAGE" while discussing annual premiums in a separately numbered section titled "ANNUAL PREMIUM FOR POLICY YEAR." *Id.* at 33. That the premiums (i.e., "cost") are separate from the coverage (i.e., "benefit") is further reinforced by the page titled "Statement of Policy Cost <u>and</u> Benefit Information." *Id.* (emphasis added). That the policy regularly includes the premiums and

5 – OPINION AND ORDER

It stands to reason that, in this section of the policy, "25 YEAR LEVEL TERM" is the "plan description" of the benefit and does not amend the premium (which is listed "under" the "ANNUAL PREMIUM" section).

As noted, the Policy Specifications page contains the following language following an asterisk: THIS PREMIUM IS NOT GUARANTEED AND MAY BE CHANGED BY US ANY TIME AFTER YEAR 20, SUBJECT TO THE GUARANTEED MAXIMUM PREMIUMS. THE PREMIUM WILL INCREASE AFTER YEAR 20. SEE THE APPROPRIATE SCHEDULE OF PREMIUMS." *Id*. Plaintiff argues the 2007 endorsement deleted this asterisk clarification. Presumably, this is because the asterisk language is "under" the benefit section. As noted above, this argument fails because the asterisk relates to the annual premium section, not the benefits section. However, even assuming Plaintiff is correct that the 2007 endorsement deleted the annual premium section, his argument still fails. There are three asterisks on the Policy Specifications page. The first asterisk is in the "PREMIUM PAYMENTS" section. And instead of falling "under" the benefit section, this first asterisk is three lines ABOVE the benefit section. Therefore, even accepting Plaintiff's argument regarding the Policy Specifications page, the page still contains unambiguous language indicating "THE PREMIUM WILL INCREASE AFTER YEAR 20. SEE THE APPROPRIATE SCHEDULE OF PREMIUMS." *Id*. The Schedule of Premiums is 32 pages before the Policy Specifications page. And the 2007 endorsement does not mention (or amend) the policy's "SCHEDULE OF PREMIUMS." The Court finds implausible Plaintiff's argument that the 2007 endorsement silently deleted the Annual Premium section to bar Defendant from increasing Plaintiff's premium in year 21.

---

benefit in separate policy sections is another indication that Plaintiff's argument, which requires conflating the two sections, is implausible.

6 – OPINION AND ORDER

Plaintiff's second argument, while not as strained as the first, ultimately fares no better. As noted, the 2007 endorsement applied not only to the Policy Specifications page discussed above, but also to the "Statement of Policy Cost and Benefit Information page." *Id.* Ex. 3, 2. Although the endorsement amended that page's "Descriptive Title of Coverage" section to "25 Year Level Term," that section of the original policy already provided:

2. DESCRIPTIVE TITLE OF COVERAGE –

    A. BASIC POLICY    25 YEAR LEVEL TERM

*Id.* Ex. 1, 33.

The next section on that page notes:

3. ANNUAL PREMIUM FOR POLICY YEAR –        GUARANTEED MAXIMUM –

|   | 1ST | 2ND | 3RD | 4TH | 5TH | 10TH | 20TH | AGE 65 |
|---|---|---|---|---|---|---|---|---|
| A | 1,816.00 | 1,816.00 | 1,816.00 | 1,816.00 | 1,816.00 | 1,816.00 | 1,816.00 | 1,816.00 |

*Id.*

In short, there is no argument to be made that the 2007 endorsement amended anything at all on this page. Although Plaintiff is correct that nothing on this policy page precludes an argument that Defendant is barred from ever raising the premium above $1,816.00, this argument ignores the rest of policy. At age 65, Plaintiff would only be in the 18th year of the policy. *Id*. at 9 (noting Plaintiff was 47 years old as of February 2002). And as noted above, the Schedule of Premiums page, which the 2007 endorsement did not amend, specifically states that through year 20, the policy's guaranteed maximum annual premium is $1,816.00. *Id.* Again, Defendant may only increase the maximum annual premium beginning in year 21. *Id.*

7 – OPINION AND ORDER

Plaintiff's arguments depend on reading certain policy sections in isolation while ignoring the policy as a whole. Even accepting Plaintiff's arguments, however, he fails to allege plausible interpretations of the policy endorsement when read in conjunction with (1) the Schedule of Premiums page or (2) the footer in all caps on the first page of the policy stating premiums are only guaranteed for the first 20 years. In fact, Plaintiff's arguments render the Schedule of Premiums page or, more specifically, the guaranteed maximum annual premiums listed for years 21 through 25 on that page, meaningless. The Court assumes, however, that parties to an insurance contract do not create meaningless provisions." *Hoffman Const.*, 313 Or. at 472. The policy clearly and unambiguously allows Defendant to raise the premium above $1,816.00 as of the 21st year of coverage. This was true at inception in 2002 and was not altered by any 2007 amendment. As Plaintiff fails to present a plausible alternative, Defendant is entitled to summary judgment.

## CONCLUSION

For the reasons provided above, Defendant's motion for summary judgment (ECF No. 14) is GRANTED.

IT IS SO ORDERED.

DATED this 9th day of August, 2022.

                                                                _____/s/ Michael J. McShane_____
                                                                           Michael McShane
                                                                United States District Judge